**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EUGENE CURRENCE,
Plaintiff-Appellant,

v.

No. 95-2932

BIGGERS BROTHERS, INC., a wholly
owned subsidiary of U. S. Food
Service, Inc.,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Carl Horn, III, Chief Magistrate Judge.
(CA-94-373-3-H)

Submitted: July 23, 1996

Decided: August 1, 1996

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael A. Sheely, SHEELY & YOUNG, Charlotte, North Carolina,
for Appellant. Richard F. Kane, Kevin V. Parsons, BLAKENEY &
ALEXANDER, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eugene Currence sued his employer alleging that he was constructively discharged[1] because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A.§§ 621-634 (West 1985 & Supp. 1996). The district court granted summary judgment for the employer, finding that Currence failed to establish a prima facie case of discrimination because he did not show he was performing his job at a level that met his employer's legitimate expectations. In the alternative, the district court found that Currence's employer established legitimate nondiscriminatory reasons for its action, which Currence failed to show were pretextual. Currence appeals.

Summary judgment is appropriate when there is no genuine issue of material fact that could lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986). "In determining whether to grant summary judgment, all justifiable inferences must be drawn in favor of the non-movant." Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990) (citing Anderson, 477 U.S. at 255). We review the grant of a motion for summary judgment de novo. Henson v. Liggett Group Inc., 61 F.3d 270, 274 (4th Cir. 1995).

The ADEA prohibits adverse employment actions taken against an employee on the basis of age. 29 U.S.C. § 623(a)(1) (1988). To establish a claim under this Act a plaintiff must show: (1) that he is an employee covered by the Act; (2) that has suffered an unfavorable employment action by an employer covered under the Act; and (3) that absent the employer's age-based discriminatory intent, the adverse employment action would not have occurred. Fink v. Western Elec. Co., 708 F.2d 909, 914 (4th Cir. 1983). An employee can prove

_____

[1] Currence was demoted and thereafter resigned.

2

this third requirement of discriminatory intent in one of two ways: (1) he may offer direct or indirect evidence both relevant to and sufficiently probative of the intent, or (2) he may proceed under the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), system of proof as adapted for ADEA cases. Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 239 (4th Cir. 1982). To establish a prima facie case with circumstantial evidence, a demoted employee must show that (1) he was in the protected age group; (2) he was demoted or discharged; and (3) at the time of the demotion or discharge, he was performing his job at a level that met his employer's legitimate expectations. O'Conner v. Consolidated Coin Caterers Corp., ___ F.3d ___, No. 94-1214, slip op. at 3 (4th Cir. June 5, 1996) (an ADEA plaintiff need not show that he was replaced by someone outside the protected class to establish a prima facie case) (citing Mitchell v. Data General Corp., 12 F.3d 1310, 1315 (4th Cir. 1993)); Lovelace, 681 F.2d at 239.

The record overwhelmingly reveals that Currence failed to adequately perform the duties of his previous position and was therefore demoted. Currence nonetheless contends that because during the relevant period of his alleged poor performance he did not receive an unfavorable performance review and because he received performance bonuses, his employer's assertion that he was demoted because of poor performance is pretextual and creates a material factual dispute inappropriate for dismissal by summary judgment. The record, however, is uncontroverted that Currence's superior was terminated because he failed to properly supervise and manage Currence.[2] The record also reveals that the performance bonuses Currence received were based on the department's performance, and not Currence's personal job performance. There was no direct evidence of discrimination.

We affirm the order of the district court because Currence failed to show that he was meeting his employer's legitimate expectations, a necessary element of a prima facie ADEA case. O'Conner v. Consolidated Coin Caterers Corp., ___ F.3d #6D 6D6D#, No. 94-1214, slip op. at 3

_____

[2] The record is also clear that management communicated its dissatisfaction with Currence's job performance and that Currence was aware that he was doing poorly.

3

(4th Cir. June 5, 1996). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4